**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (2578219)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News, National Photo Group, LLC, Tim Shobe and Visions of America, LLC <br><br> Plaintiffs, <br><br> v. <br><br> Resignation Media LLC. <br><br> Defendant. | CIVIL ACTION NO. 1:13-cv-00911 |

## FIRST AMENDED COMPLAINT

Plaintiffs, BWP Media USA Inc. d/b/a Pacific Coast News ("BWP"), National Photo Group, LLC ("NPG"), Tim Shobe ("Shobe") and Visions of America, LLC ("Visions") (hereinafter collectively referred to as "*Plaintiffs*"), by and through their undersigned counsel, for their First Amended Complaint against Defendant, Resignation Media, LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1.  This action seeks to recover for copyright infringement. Plaintiffs herein provide entertainment-related photojournalism goods and services as well as create stock photography and own the rights to photographs featuring celebrities and other images which

1

they license to online, television and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of their photographs, and many others are the subject of pending copyright applications.

2. Defendant owns and operates the following websites with domain names: www.theberry.com, www.tapiture.com and www.thechive.com (the websites are collectively referred to herein as the "*Websites*").

3. Without permission or authorization from Plaintiffs, Defendant actively copied, stored, modified and/or displayed Plaintiffs' photographs on the Websites. Defendant knowingly engaged in this misconduct violation of the United States copyright laws.

4. The copying, storing and displaying of Plaintiffs' copyrighted photographs by Defendant is precisely the types of commercial uses licensed by Plaintiffs to similar online, television and print publications.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

6. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Travis County, Texas.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

### I. Plaintiffs

8. BWP is a Delaware Corporation and maintains its principal place of business in Los Angeles County, California.

9. NPG is a California Limited Liability Company and maintains its principal place of business in Los Angeles County, California.

10. Visions is a California Limited Liability Company and maintains its principal place of business in Ventura County, California.

11. Shobe is an individual and maintains his residence in Sitka County, Alaska.

### II. Defendant

12. Defendant is an Indiana Limited Liability Company with a principal place of business in Travis County, Texas and is liable and responsible to Plaintiffs based on the facts herein alleged.

## FACTS COMMON TO ALL COUNTS

13. Plaintiffs are the legal and rightful owner of a multitude of images which they license to online, television and print publications.

14. Plaintiffs have invested significant time and money in building their image portfolios.

15. Plaintiffs' photographs are original creative works in which Plaintiffs own protectable copyright interests.

16. Defendant is the owner and operator of each of the Websites.

17. The Websites are popular and lucrative enterprises that purposefully display celebrity and news photographs, including Plaintiffs' copyrighted photographs.

18. The Websites are monetized in that they contain paid advertisements and on information and belief, Defendant significantly profits from these activities.

19. Without permission or authorization from Plaintiffs, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiffs copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in "*Exhibit 1*" which is annexed hereto and incorporated in its entirety herein, on the Websites.

20. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "*Infringements*").

21. As is set forth more fully in "*Exhibit 1*," each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

22. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiffs' original image that was directly copied and stored by Defendant on the Websites.

23. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

24. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

25. Defendant's conduct is not safe harbored by DMCA, in that, on information and belief, Defendant has failed to register with the United States Copyright Office pursuant

to 17 U.S.C. §512.

26. Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent.

27. Specifically, the professional nature of the photographs makes them readily apparent that they are copyright protected.

28. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

29. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

30. Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

31. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Websites had increased traffic to the and, in turn, realized an increase in their advertising revenues.

32. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Websites.

33. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiffs' copyrighted material.

34. As a result of Defendant's misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

35. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding Paragraphs 1 through 34, as though set forth in full herein.

36. The Photographs are original, creative works in which Plaintiffs own valid copyright properly registered with the United States Copyright Office.

37. Plaintiffs have not licensed Defendant the right to use the Photographs in any manner, nor have Plaintiffs assigned any of their exclusive rights in the Copyrights to Defendant.

38. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiffs thereby violating one of Plaintiffs' exclusive rights in their copyrights.

39. Defendant's reproduction of the Photographs and display of the Photographs on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

40. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Websites.

41. As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## **SECOND COUNT**
### *(Vicarious Copyright Infringement)*

42. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding Paragraphs 1 through 34, as though set forth in full herein.

43. At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing activity on the Websites, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

44. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, the infringing activity has continued to infringe upon Plaintiffs' Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

45. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity on its Websites from, *inter alia*, advertising revenue from the increased traffic to its Websites.

46. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing advertising revenue.

47. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

48. As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven

at trial.

## THIRD COUNT
*(Injunction Pursuant to 17 U.S.C. §502)*

49. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding Paragraphs 1 through 34, as though set forth in full herein.

50. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

## FOURTH COUNT
*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

51. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding Paragraphs 1 through 34, as though set forth in full herein.

52. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiffs' actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

   b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

    c.    Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

    d.    Plaintiffs' costs; together with

    e.    Such other relief that the Court determines is just and proper.

DATED: August 11, 2014

**SANDERS LAW, PLLC**

By: /s/ Craig B. Sanders
Craig B. Sanders, Esq. (2578219)
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and sent to opposing counsel via the CM/ECF system.

By: _/s/ Craig B. Sanders_____
Craig B. Sanders